```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
YU CHAN LI,

                        Plaintiff,
                                                              MEMORANDUM & ORDER
            - against -                                       24-CV-5764 (PKC) (RML)

JUDGE PETER J. KELLY,

                        Defendant.
---------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

On August 19, 2024, Plaintiff Yu Chan Li ("Plaintiff") initiated this action against Defendant Judge Peter J. Kelly ("Judge Kelly" or "Defendant") for alleged violations of her constitutional right to due process under 42 U.S.C. § 1983. (Compl., Dkt. 1.) On August 22, 2024, the Court issued a Show Cause Order, requiring Plaintiff to show cause why her claims are not barred by the doctrine of judicial immunity. (8/22/2024 Show Cause Order.) For the reasons described below, the Court *sua sponte* dismisses this action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

Plaintiff's claims arise out of Judge Kelly's alleged misconduct in an underlying action in New York's Surrogate's Court, where Judge Kelly presides. (*See generally* Compl., Dkt. 1.) The Court assumes Plaintiff's familiarity with the underlying facts and describes only the relevant ones here.[1]

---

[1] The Court assumes the truth of the factual allegations in this Complaint. *Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 53 (2d Cir. 2022).

In 2010, Plaintiff became friendly with an older neighbor, Raymond Orenzoff ("Orenzoff"). (Compl., Dkt. 1 ¶¶ 21, 27, 32.) As Orenzoff aged, his physical health declined. (*Id.* ¶ 29.) According to Plaintiff, around the time Orenzoff's health declined, he decided to pass the home that he owned and lived in to Plaintiff upon his death. (*Id.* ¶¶ 38–39.) Orenzoff conveyed the property to himself and Plaintiff as joint tenants in 2021. (*Id.* ¶¶ 40–45.) In May 2022, the Commissioner of New York City's Social Services Agency initiated a guardianship proceeding on Orenzoff's behalf based on the agency's belief that Plaintiff "unduly influenced" Orenzoff. (Pet. for Turnover, Dkt. 1-5 ¶ 31.)

On May 19, 2023, Orenzoff passed away. (Compl., Dkt. 1 ¶ 46.) About a month later, Plaintiff "executed a deed memorializing her sole ownership" of Orenzoff's former home. (*Id.* ¶ 47.) On August 14, 2023, the Queens County Public Administrator, acting as temporary administrator of the Orenzoff estate, filed a petition in Surrogate's Court for Plaintiff to turn over the property, arguing that the property had been "fraudulently conveyed" to her. (*See generally* Pet. for Turnover, Dkt. 1-5.)

Plaintiff alleges that in the Surrogate's Court matter, which is ongoing, Judge Kelly has denied her due process by acting as an adversary or an advocate, and not as a judge. (*See* Compl., Dkt. 1 ¶¶ 62–90.) In particular, Plaintiff alleges that Judge Kelly improperly constrained settlement conversations by stating that he would "not allow any settlement that would give [Plaintiff] more than 30%" of the proceeds from the sale of the property, and by giving Plaintiff's counsel too little time to prepare for trial. (*Id.*)

**DISCUSSION**

Plaintiff's claims are barred by the doctrine of judicial immunity.[2] Judges generally have absolute immunity from suit with respect to judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (summary order) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." (quoting *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009))). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). Judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 11, 13.

Plaintiff attempts to circumvent judicial immunity by arguing, *inter alia*, that Judge Kelly acted as an advocate—and therefore not in his judicial capacity—when he said that he would not allow a particular settlement. (*See* Pl.'s Br., Dkt. 11-1 at 14–22.) This argument is a non-starter. Judge Kelly's actions plainly were taken in his judicial capacity. *Mireles*, 502 U.S. at 12. Notably, in cases brought by estates in Surrogate's Court (such as the underlying case here), the Surrogate's Court judge is *required* to approve (or disapprove) any final settlement. *See Santos v. City of New York*, No. 20-CV-6091 (EK) (VMS), 2023 WL 5756513, *6 (E.D.N.Y. Mar. 13, 2023) ("[T]he

---

[2] As a result, any request for preliminary injunction, (Pl.'s Ltr., Dkt. 9), or temporary restraining order, (Gerstein Decl., Dkt. 11-3 ¶ 37), is moot. Furthermore, the Local Rules require motions for preliminary injunction and/or temporary restraining orders to include a notice of motion, memorandum of law, and supporting affidavits (as necessary). *See* Local Rules of the United States District Courts for the Southern and Eastern Districts of New York 7.1(a). Such motions may *not* be made via letter motion or through a declaration, as Plaintiff has seemingly attempted to do here. *See id.*; *id.* 7.1(d); (*see also* Pl.'s Ltr., Dkt. 9; Gerstein Decl., Dkt. 11-3 ¶ 37).

Surrogate's Court is charged with approving settlements by estates."), *R. & R. adopted*, 2023 WL 5759185 (E.D.N.Y. Sept. 6, 2023). Whether Judge Kelly would allow a given settlement, then, was crucial information for the parties as they negotiated settlement.[3] Judge Kelly's actions, then, are protected by judicial immunity.

## CONCLUSION

Plaintiff's claims are barred by the doctrine of judicial immunity. The complaint, therefore, is dismissed with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020) (holding that "claims barred by absolute judicial immunity [are] correctly dismissed under Rule 12(b)(6)"); *see also Kelly v. Guzy*, No. 20-CV-0721 (GTS) (CFH), 2022 WL 160305, at *1 n.2 (N.D.N.Y. Jan. 18, 2022) (explaining that "dismissal[s] based on the doctrine of judicial immunity" are properly dismissed with prejudice). The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 4, 2024
      Brooklyn, New York

---

[3] Plaintiff raises several other arguments, none of which are meritorious. (*See* Pl.'s Br., Dkt. 11-1.) Because the doctrine of judicial immunity alone is sufficient to warrant dismissal of this case, the Court need not address Plaintiff's other arguments.